IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 1: 08-CR-31-SPM-GRJ

SETH JERCHOWER

_____/

### ORDER DENYING MOTION TO WITHDRAW PLEA

THIS CAUSE comes before the Court on Defendant's Motion to Withdraw Guilty Plea, Def.'s Mot. Withdraw Plea, ECF No. 80, and Government's Response, Resp. Mot. Withdraw Plea, ECF No. 84.  For the reasons set forth below, this Court will DENY Defendant's Motion.

### I. BACKGROUND

On September 23, 2008, Defendant, Seth Jerchower, was indicted by a Federal Grand Jury for violations of 18 U.S.C. § 2422(b).  On March 31, 2009, before the Honorable Magistrate Judge Allan Kornblum, Defendant entered a plea of guilty as to Count I of the indictment.  On July 6, 2009, before this Court, Defendant was sentenced to a term of imprisonment of 327 months.  However, on January 25, 2011, the Eleventh Circuit vacated Defendant's sentence after holding that Amendment 732 to the Sentencing Guidelines was a clarifying amendment, thus, given retroactive effect, and that the two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(2)(B) that was applied


to Defendant was invalid. United States v. Jerchower, 631 F.3d 1181, 1187 (11th Cir. 2011). Accordingly, the Eleventh Circuit remanded Defendant's case back to this Court for resentencing. Id. Defendant now motions this Court to withdraw his plea of guilty.

## II. STANDARD

A defendant may withdraw a plea of guilty after the Court has accepted the plea and before sentencing if the "defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This rule does not impose an absolute right to withdraw a guilty plea, but rather the decision to allow withdrawal is "left to the sound discretion of the trial court." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). In considering whether a fair and just reason exists to grant withdrawal, the Eleventh Circuit has set out factors for the district court to consider. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). These factors include: "'(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.'" Id. (quoting Buckles, 843 F.2d at 472).

In reviewing the basis for withdrawal, this Court "may consider the totality of the circumstances surrounding the plea." Buckles, 843 F.2d at 471-72. However, "[t]here is a strong presumption that the statements made during the colloquy are true," United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994), and, although the defendant can

present evidence to overturn statements made at the colloquy, the defendant "bears a heavy burden to show his statements were false," United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

### III. DISCUSSION

Defendant's first allegation claiming lack of close assistance of counsel is refuted by multiple statements of his own made during the plea colloquy. Before accepting Defendant's guilty plea, Judge Kornblum was persistent and careful in ascertaining that Defendant understood the consequences of entering a plea of guilty. Tr. Change of Plea 4, 28, ECF No. 83. As part of this careful determination, Defendant was asked at both the beginning and the end of the colloquy whether he was fully satisfied with representation by his counsel. Id. In both instances, Defendant responded to the series of questions about the adequacy of his representation by indicating that he was satisfied with his counsel. Id. Specifically, when Judge Kornblum asked Defendant if he was "completely satisfied" with his counsel, Defendant responded "[v]ery much so, Your Honor." Id. at 4. Defendant had ample opportunity to voice his dissatisfaction or objections to counsel's representation, but did not. In fact, when Judge Kornblum asked Defendant directly if he had any complaint or misunderstanding regarding counsel's service, Defendant replied, "[a]bsolutely not, Your Honor." Id. at 28.

Defendant has also not adequately shown that these statements should be overturned as false. Throughout the pre-trial proceedings and at the change of plea

hearing, Defendant was represented by an experienced defense attorney whom Defendant had retained.  Defendant's allegations attempting to explain that close contact with counsel was unavailable – failure to adequately review the pre-sentence report, failure to respond to complaints concerning his nutrition while detained, failure to return correspondence – are *post hoc* complaints which are directly contradicted by his plea colloquy.  Because evidence of these allegations does not meet the "heavy burden" to show his statements at his plea colloquy were false, this Court finds that close counsel was available to Defendant and withdrawal of his plea of guilty is not warranted.

Defendant also alleges that his plea of guilty was not "knowing and voluntary." See Brehm, 442 F.3d at 1298.  The Eleventh Circuit has established that a plea is knowing and voluntary if: (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant knows and understands the consequences of his guilty plea." United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999).  Judge Kornblum was very thorough in his explanation of the Sentencing Guidelines and informed Defendant that a plea of guilty was final and only subject to withdrawal in the most unusual of circumstances.  Tr. Change of Plea 12, ECF No. 83.  Judge Kornblum made it clear that the Sentencing Guidelines weren't binding and this Court had discretion to give a lower or higher sentence. Id. at 22.  Further, Judge Kornblum reminded Defendant that he cannot withdraw his plea of guilty for the reason

that the sentence is more than expected. Id. at 24. Defendant responded to each of these statements in turn by indicating that he understood them. Id. at 12, 22, 24.

Defendant's main argument for overturning his statements made during the plea colloquy is that lack of proper medication and nutrition during his pre-trial detainment did not allow him to be mentally sound. However, Judge Kornblum specifically asked Defendant about his use of medication. Id. at 8. Defendant responded that he had been taking his medication and, although they had been changed since his detainment, he felt well. Id. Defendant also responded affirmatively when asked by Judge Kornblum if he was able to think clearly during the plea colloquy. Id.

Defendant also alleges that he mistakenly believed he was promised a 10 year maximum sentence if he signed the plea agreement. However, Judge Kornblum informed Defendant – and Defendant acknowledged that he understood – that the statutory penalty for his offense was a term of imprisonment with a minimum sentence of 10 years and a maximum sentence of life imprisonment. Id. at 14. Judge Kornblum repeatedly inquired of Defendant to establish whether Defendant believed that his plea of guilty would entitle him to a lower sentence or whether Defendant had been promised a lighter sentence if he pleaded guilty. Id. at 27. Defendant responded that no promises were made and that no one, including his counsel, had promised Defendant a specific sentence. Id. In fact, when asked directly by Judge Kornblum whether Defendant had been promised a specific

sentence, Defendant replied no.  Id.  Defendant then repeated that he knew of no other agreements additional to the representations made during the plea colloquy.  Id.

Defendant has not met the "heavy burden" of showing that statements made during the colloquy were untrue, but rather, the plea colloquy reveals that Defendant knew the nature of the charges against him and the consequences of entering a plea of guilty.  Defendant has not shown that his plea was anything but knowing and voluntary.

Considering the totality of the circumstances – the fact that Defendant makes this motion after his original sentencing and after this case was remanded to this Court on the basis of a technical issue for the purpose of resentencing – coupled with the fact that the government may be prejudiced by having to conduct a trial for a crime that occurred in October of 2007, no fair or just reason exists to warrant withdrawal of Defendant's guilty plea.

### IV. ORDER

Based on the foregoing reasons it is hereby

ORDERED and ADJUDGED that Defendant's Motion to Withdraw Guilty Plea is DENIED.

DONE and ORDERED on this 22nd day of June, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge

Case No. 1-08-CR-31-SPM-GRJ